UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMOUIL B. PANAYOTOV,

    Plaintiff,

V.                                                            Case No: 2:11-CV-590-FtM-29SPC

WECHSLER PRODUCT STERLING AND TITLE,
also known as UNITED CC HOLDINGS, LLC.,

    Defendant.

_____/

## **ORDER**

       This matter comes before the Court on Plaintiff, Samouil B. Panayotov's Motion for Entry of Default (Doc. # 15) filed on April 5, 2012. The Plaintiff moves for an entry of clerk's default and states that service of the Summons and Complaint was served on the Agent for Service for Defendant, Wechsler Product Sterling and Title, also known as United CC Holdings, LLC, on February 15, 2012. The Plaintiff filed Return of Service (Doc. # 13) on February 23, 2012. The Return of Service shows that Joe McNeil, Agent for Service, was personally served with process at 420 N. McKinley Street, 111-177, Corona, California 92879 on February 15, 2012. As Defendant has failed to plead or otherwise defend this case as provided by Fed. R. Civ. P. 12, this motion is now ripe for review.

       The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and

that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Further, a district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701 *1-2 (M.D. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003). A district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. Pickett v. Executive Preference Corporation, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense, and directing Clerk to enter default against defendant).

The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. ABS-SOS Plus Partners Ltd., WL 5191701 *1-2 (citing Fed. R. Civ. P. 37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."); *see also* Fed. R. Civ. P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

Upon review of the Return of Service (Doc. # 13), the Court finds that the statute has been complied with, as service was effectuated on the agent of Defendant, Wechsler Product Sterling and Title, also known as United CC Holdings, LLC, in compliance with Fla. Stat. §

48.081(1)(a). Furthermore, because Defendant has failed to file a responsive pleading within twenty-one (21) days of service of the Complaint, the Court finds that an entry of clerk's default against Wechsler Product Sterling and Title, also known as United CC Holdings, LLC, is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff, Samouil B. Panayotov's Motion for Entry of Default (Doc. # 15) is **GRANTED**. The Clerk of Court is Ordered to enter Clerk's Default in the above styled matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th Day of April, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record