UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMOUIL B. PANAYOTOV,

        Plaintiff,

vs.                          Case No.  2:11-cv-590-FtM-29SPC

WECHLER PRODUCT STERLING AND TITLE,
also known as UNITED CC HOLDING LLC,

        Defendant.

_____

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #14) filed on March 9, 2012, and Motion for Leave to Amend Plaintiff's Motion for Default Judgment (Doc. #20) filed on May 15, 2012, to add the word "Dispositive" to the caption.  No response has been filed and the time to respond has expired.  The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.  A Clerk's Entry of Default (Doc. #17) was entered on April 11, 2012.  Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ]  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded

allegations. [ ]  A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotation marks and citations omitted).

Taking all well pled allegations in the complaint (Doc. #1) as admitted, on March 21, 2011, defendant is a "debt buyer" who had an employee leave a voice message on plaintiff's phone stressing that he was from the Process Verification Department of Wechsler Product Sterling and Title (Defendant) and that there was a pending legal action against plaintiff.  Plaintiff states that there was no pending legal action at the time and the alleged debt for which payment was sought was not identified by the caller.  Plaintiff alleges that defendant's employee attempted to deceive plaintiff as to the legal status of the debt in violation of the Fair Debt Collection Practices Act (FDCPA).

Plaintiff also repeatedly contacted defendant's employees requesting the company's location and registered agent, but the information was not provided.  Plaintiff alleges the failure to identify itself, harass, and provide false and misleading representations is a violation of the FDCPA and the Florida Consumer Collection Practices Act (FCCPA) in Counts I and II, and plaintiff seeks punitive damages under Count III.  In the

Complaint, plaintiff seeks $2,115 in statutory and actual damages and $5,000 in punitive damages, plus court costs.

"In enacting the FDCPA, Congress sought 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' . . . Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010)(citations omitted).

Under the FDCPA, a debt collector[1] violates the FDCPA when it publishes a list of consumers who allegedly refuse to pay debts, causes the telephone to ring or engage a person in telephone conversation with intent to annoy, abuse, or harass any person, or places the telephone calls without meaningful disclosure of the caller's identity.  15 U.S.C. §1692d.  Additionally, a debt collector may not use false, deceptive, or misleading representation, including of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2).  Under the FDCPA, a "debt collector" is liable to an amount equal to the sum of any actual

---

[1]A "debt collector" means any person who collects debts, or who regularly collects or attempts to collect, debts owed or due or asserted to be owed or due another.  15 U.S.C. § 1692a(6).

damage sustained, such additional damages not exceeding $1,000, and costs and reasonable attorney's fees.  15 U.S.C. §1692k(a).

The FCCPA, provides that "[i]n collecting consumer debts, no person shall" disclose information concerning the existence of a debt known to be reasonably disputed by the debtor, willfully communicate with such frequency as to reasonably constitute harassment, use a communication that simulates in any manner legal or judicial process, or refuse to provide adequate identification if requested to do so by debtor.  Fla. Stat. § 559.72.  The FCCPA allows for actual damages and statutory damages not exceeding $1,000.00, court costs, and "[t]he court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part."  Fla. Stat. § 559.77(2).

Plaintiff alleges that the calls could be considered threatening with the intent to force plaintiff to pay whatever amount demanded, however plaintiff does not allege that violence was threatened or that any threat was actually made for payment. The Court is not convinced that the mere placement of the call is sufficient for it to be considered threatening.  Also, plaintiff provides dates for various conversations with defendant to determine the company's location, but it is not clear that defendant's calls to plaintiff were frequent enough to constitute harassment.  Nonetheless, the Court does find that the allegations

-4-

are sufficient to find that there was not a meaningful disclosure of the caller's identity, despite plaintiff's efforts to inquire as to same, that there was at least a deceptive communication regarding the nature and status of an unidentified debt, and that the communication simulated a legal or judicial process by stating that a case was pending.

Plaintiff has not provided any details regarding actual damages or actual court costs, therefore the Court cannot determine the basis for the additional $115 of the $2,115.00 in damages requested, or the additional $200 of the $550 in court costs. The Court will allow statutory damages and the filing fee. The Court does not find sufficient cause to award punitive damages as malicious intent is not alleged in the complaint and has not otherwise been demonstrated. See, e.g., Montgomery v. Florida First Fin. Group, Inc., 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, *10 (M.D. Fla. Aug. 12, 2008).

The Court will grant statutory damages in the amount of $1,000.00 for Count I and $2,000.00 for Count II, which alleges a violation of both the federal and Florida statute, and court costs in the amount of the filing fee $350.00, but declines to award punitive damages.

Accordingly, it is now

**ORDERED**:

1.    Plaintiff's (Dispositive) Motion for Default Judgment (Doc. #14) is **GRANTED**.  The Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $3,000.00 in statutory damages and $350 in court costs.

2.    Plaintiff's Motion for Leave to Amend Plaintiff's Motion for Default Judgment (Doc. #20) is **GRANTED** to the extent that the caption of the motion will be deemed amended.

3.    The Clerk shall terminate all pending deadlines as moot and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of June, 2012.


JOHN E. STEELE
United States District Judge


Copies:
Parties of record